# ELVIRA FERNANDEZ BLANCO ET AL.

*v.*

# JOSÉ ANTONIO FERNANDEZ Y PEREZ ET AL.

Mayaguez, Equity, No. 207.

1. A partial decree will be entered in equity, settling the rights of some of the parties, and the trial continued for an accounting as to others.
2. An agent who has practised fraud on his principals will be compelled to make restitution, and a fraudulent conveyance to him will be set aside.

Opinion filed January 30, 1909.

*Mr. Francis H. Dexter*, attorney for complainants.

*Mr. B. J. Horton, Mr. Jacinto Texidor, Mr. Miguel Guerra,* and *Mr. Andrés B. Crosas*, attorneys for respondents.

RODEY, Judge, delivered the following opinion:

Suits involving this same cause of action have appeared on both the law and equity dockets of this court in different forms, as we ascertain, for some five or six years last past; but, for one reason or another, or because of difficulties and complications that arose, they were all dismissed, and this bill was filed on April 29, 1907. It was completely rewritten on August 11, 1908.

Blanco v. Fernandez y Perez.

In the bill as filed there were ten or more complainants and more than a dozen respondents. The following short statement of facts will show how the controversy arose:

It appears that for many years previous to 1898, a man named Ramon García Barreras y Gonzalez, whom we will hereafter call Barreras, for convenience, had been a resident of Mayaguez, Porto Rico. He died there on the 16th day of August of that year. He was elderly at the time of his death. He had been, for a long period during the later years of his life, in general business in partnership with respondent José Antonio Fernandez y Perez. They had continued this partnership in periods of four years each for many years, partially settling their partnership at the end of each term, and renewing it for another period. Barreras had accumulated a considerable amount of property in his lifetime, and died possessed of the same, as well as of a large interest belonging to the unsettled and the still-existing partnership. A short time before his death, he madè a will, making several small specific bequests from his private property, and then devising the remainder and main portion of his estate *per capita* to his two sisters, and *per stirpes* to the children of a third sister, a third to each, who were living at Luarca, in Spain. He made his partner, the respondent José Antonio Fernandez y Perez, his executor.

A few months after his death, these heirs in Spain, who, it appears, are not of a very high order of intelligence, got together and by themselves and their husbands appointed a then friend, relative, and neighbor of theirs, the respondent Liborio Rodriguez y Gonzales, whom we will hereafter call Rodriguez, as their agent, to come out from Spain and look after their rights in this estate. They gave him a complete and ample power of attorney to act for them in the premises.

Blanco v. Fernandez y Perez.

Rodriguez came out to Porto Rico and made an extrajudicial settlement of the estate with Barreras's partner, respondent José Antonio Fernandez y Perez, and incidentally collected from him on account of the heirs almost 20,000 pesos in cash. Then, by substitution, under his own power of attorney, he gave this partner a power of attorney to continue the settlement of the estate, and returned to Spain. When he arrived there, he did not proceed to render an account of his doings in any satisfactory manner, it seems, and never told the heirs that he had collected this large amount of money. Shortly thereafter, as it is alleged, he conspired with one of these sisters, and, still pretending to act under the general power of attorney, transferred all of the property of the estate to her. When the heirs heard this, they joined in a suit against him, and then both Rodriguez and his said co-conspirator, one of these sisters, became frightened, and annulled the deed thus made to that particular sister, thus replacing the estate in the heirs in Spain as it had been before. Then, as it is alleged, by deception, and still without telling the heirs that he had collected any money in Porto Rico, he conspired with a local notary in Spain, and induced all of the heirs to deed him individually quite a portion of the separate real estate of the deceased here in Porto Rico, which Rodriguez represented he would keep just long enough to reimburse him for his commission and his expenses in making this trip for them to Porto Rico to look after their interests, and for which he claimed he had not been paid.

Shortly thereafter, some of the heirs came to Porto Rico, and they soon ascertained that he had been paid this large amount of money, and, further, that the instrument they had given him, instead of being in the nature of a mortgage, as they supposed,

was a deed absolute, and that this large amount of the estate stood in Rodriguez's own name here in Porto Rico, and that he was in possession of it by his agents, and assuming to be the owner thereof. As to the general estate, the respondent partner, José Antonio Fernandez y Perez, had proceeded and organized a new partnership with others of the respondents, and had transferred large amounts of the estate, and, as it is claimed, had rendered no account thereof, and had complicated the same in divers ways that it will be unnecessary to refer to at this time, because it will be considered with that branch of the case.

After considerable delay and much difficulty in getting all of the parties into court, and after a large amount of dilatory pleading, applications for receiverships, etc., had been indulged in, a hearing was recently had at Mayaguez, and the evidence as to the portion of the matter we are now about to pass upon was taken, both before the court itself and before an examiner. Much documentary evidence, consisting of deeds, powers of attorney, and other exhibits, was introduced.

The only question we desire to pass upon at this time is with reference to this property received by, and now standing in the name of, Rodriguez and his corespondent, María García Barreras, all of which is fully set out and described in the bill and in statements and briefs of counsel.

As to the allegations that Rodriguez did commit this fraud upon the heirs, and that he did collect this sum of almost 20,000 pesos in cash, and never accounted for the same, and that the deed given him of the property referred to was intended to be only a lien or mortgage to secure him a reasonable compensation, and was not intended to be a conveyance absolute of the property to him, we hold and find, from the proofs, that complain-

ants in that regard have, beyond any question, proved every material allegation of their bill, and that therefore complainants are the owners of and entitled to an undivided three-fifths interest in and to said portion of said estate, and respondent María García Barreras is entitled to an undivided two-fifths interest therein.

We further find that the complainants are entitled to recover an undivided three fifths of the sum of money amounting to nearly 20,000 pesos, together with interest thereon at 6 per cent per annum since the date of his receiving the same, collected from José Antonio Fernandez, as shown by the proofs.

We further hold that, as no proofs were introduced on the subject, we cannot say how much more than proper compensation, as intended between the parties, the said Rodriguez received out of the rents and profits of the houses herein referred to by holding the same seven or eight years instead of four years, as we find it was intended he should only hold the same, and we will therefore hold that no accounting shall hereafter be had as to that matter, these complainants simply recovering their property and the money due and received by Rodriguez from the estate, with interest, as aforesaid.

Therefore, a proper partial, interlocutory, or final decree, as may be proper, as to said portion of said estate, will be prepared, so vesting said interests as here defined, and including a judgment over for the money as stated, and all necessary orders and certificates will issue to cancel of record any interest therein of the said Rodriguez, and any different interest than that here given to her, of the said María García Barreras, and to vest the title as here intended.

The case is retained for all proper purposes as to decrees with reference to the other respondents.